# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TRUTHOUT<br>1669 Benedict Canyon Drive<br>Beverly Hills, CA  90210,<br><br>  and<br><br>JEFFREY LIGHT<br>1712 Eye Street, NW<br>Suite 915<br>Washington, DC  20006,<br><br>  Plaintiffs,<br><br>  v.<br><br>DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, DC  20530,<br><br>  Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | <br><br><br><br><br><br><br><br><br><br>Civil Action No. 1:12-cv-01660 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiffs Truthout and Jeffrey Light bring this action against Defendant Department of Justice pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Truthout is a non-profit organization under the laws of the state of California and has the ability to disseminate information on a wide scale.

4. Plaintiff Jeffrey Light ("Light") is a U.S. citizen and is a resident of the District of Columbia.

5. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiffs which are the subject of this action.

6. The Federal Bureau of Investigation ("FBI") is a DOJ component.

## FIRST CAUSE OF ACTION

## (TRUTHOUT – "OCCUPY" MOVEMENTS)

7. Plaintiffs repeats and realleges the allegations contained in all paragraphs set forth above.

8. On 31 October 2011 Truthout submitted to FBI a FOIA request signed by Jason Leopold ("Leopold") for various categories of records about the protest movement "Occupy Wall Street" created between August and October 2011 ("the Leopold Request").

9. On 15 November 2011 FBI acknowledged receipt of the Leopold Request and assigned it Request No. 1176349-000.  FBI stated that it had conducted a search and located no responsive records.

10. Also on 31 October 2011, Truthout inadvertently submitted to FBI a FOIA request signed by Yana Kunichoff ("Kunichoff") which was substantively identical to the Leopold

request ("the Kunichoff Request"). However, the Kunichoff Request included requests for a public interest fee waiver and expedited processing, which were not included in the Leopold Request.

11. On 15 November 2011, FBI also acknowledged receipt of the Kunichoff Request and assigned it Request No. 1176937-000. FBI stated again that it had conducted a search and located no responsive records. FBI also stated, "It is unnecessary to adjudicate your fee waiver request because no responsive main file records were found. Additionally, please be advised that expedited processing of this request is unnecessary since no responsive main file records were found."

12. On 29 November 2011 Truthout appealed the adequacy of FBI's search regarding the Leopold Request to the DOJ Office of Information Policy ("OIP"). Realizing that the Kunichoff Request was a duplicate, Truthout did not file an appeal for it.

13. On 9 December 2011 OIP acknowledged receipt of this appeal and assigned it Appeal No. AP-2012-00779.

14. On 6 December 2011 FBI wrote to Kunichoff regarding her request: "On 11/15/2011 you were mailed a letter informing you that the FBI could not locate any records responsive to your request. Upon further review, FBI Records Management Division (RMD) has determined that potentially responsive documents exist. Your request has been re-opened under [Request No. 1176937-001] and we are currently in the process of searching, gathering, and processing any newly discovered material so that it may be reviewed for responsiveness."

15. Despite FBI's 6 December 2011 acknowledgement that it had located records responsive to the Kunichoff Request (which was a virtual duplicate of the Leopold Request), on

7 February 2012 OIP affirmed FBI's "no records" response for the Leopold Request.  There is no indication that OIP consulted with FBI prior to affirming its original response.

16. On or before 14 May 2012 FBI reopened the Leopold Request and assigned it Request No. 1178216-000.

17. On 14 May 2012 FBI informed Leopold that responsive records had been located for the Leopold Request and were under review by an analyst.

18. On 4 June 2012 Truthout submitted to FBI a FOIA request for various categories of records about "Occupy Wall Street" and other "Occupy" movements created since November 2011.  This request was significantly broader in scope than the previous requests.  Truthout also requested expedited processing for this request.

19. On 6 June 2012 FBI acknowledged receipt of this request and assigned it Request No. 1191931-000.  FBI stated that it had conducted a search and located no responsive records.

20. On 3 August 2012 Truthout wrote to FBI and included additional search terms to be used in the search.

21. As of this writing FBI has not issued a final determination for any of these requests.

22. As of this writing FBI has not granted Truthout expedited processing for either request for which it was requested.

23. As of this writing FBI has not granted Truthout a public interest fee waiver for the Kunichoff Request.

24. As twenty working days have elapsed without substantive determinations by FBI, Truthout has exhausted all required administrative remedies.

25. Truthout has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by FBI of said right.

26. Truthout has a legal right under FOIA to have its requests processed in an expeditious manner, and there is no legal basis for the denial by FBI of said right.

27. Truthout has a legal right under FOIA to have all fees waived for the Kunichoff Request, and there is no legal basis for the denial by FBI of said right.

## SECOND CAUSE OF ACTION

## (TRUTHOUT – PROCESSING MATERIALS)

28. Plaintiffs repeats and realleges the allegations contained in all paragraphs set forth above.

29. On 14 February 2012 Truthout submitted to FBI a FOIA request for administrative processing materials regarding the Kunichoff Request.

30. On 17 February 2011 FBI acknowledged receipt of this request and assigned it Request No. 1182695-000.

31. As of this writing FBI has not issued a final determination for this request.

32. As twenty working days have elapsed without a substantive determination by FBI, Truthout has exhausted all required administrative remedies.

33. Truthout has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by FBI of said right.

## THIRD CAUSE OF ACTION

## (LIGHT – "OCCUPY" MOVEMENTS)

34. Plaintiffs repeats and realleges the allegations contained in all paragraphs set forth above.

35. On 16 November 2011 Light submitted to FBI a FOIA request for various categories of records about the protest movements "Occupy DC" and "Occupy Wall Street." Light requested a public interest fee waiver for this request.

36. On 1 December 2011 FBI acknowledged receipt of this request and assigned it Request No. 1177831-000.

37. As of this writing FBI has not issued a final determination for this request.

38. As twenty working days have elapsed without a substantive determination by FBI, Light has exhausted all required administrative remedies.

39. Light has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by FBI of said right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Truthout and Jeffrey Light pray that this Court:

(1) Order the Federal Bureau of Investigation to provide all responsive records to them as soon as practicable;

(2) Order FBI to process Truthout's requests in an expedited fashion where requested;

(3) Order FBI to grant public interest fee waivers where requested;

(4) Issue a written finding that the circumstances surrounding the Office of Information Policy's affirmation of FBI's search regarding the Leopold Request raise questions whether OIP personnel acted arbitrarily or capriciously;

(5) Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(6) Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(7) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(8) Grant such other relief as the Court may deem just and proper.

Date: October 6, 2012

                                      Respectfully submitted,

                                      /s/ Kelly B. McClanahan

                                      Kelly B. McClanahan, Esq.
                                      D.C. Bar #984704
                                      National Security Counselors
                                      1200 South Courthouse Road
                                      Suite 124
                                      Arlington, VA  22204
                                      301-728-5908
                                      240-681-2189 fax
                                      Kel@NationalSecurityLaw.org

                                      *Counsel for Plaintiffs*