```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

TRUTHOUT, et al.,              )
                               )
        Plaintiffs,            )
                               )
    v.                         )  Civil Action No. 12-1660 RMC
                               )
DEPARTMENT OF JUSTICE,         )
                               )
        Defendant.             )
                               )
```

DEFENDANT'S MOTION FOR LEAVE TO SUBMIT AN EX PARTE,
IN CAMERA DECLARATION, AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Fed. R. Civ. P. 7(b), Defendant hereby requests that the Court permit the submission ex parte, in camera of a declaration to address a suggestion by Plaintiffs that a Freedom Of Information Act exclusion may have been relied upon in this action. Counsel for Plaintiffs, Kelly Brian McClanahan, Esq., has indicated that Plaintiff will oppose this motion unless Defendant files a redacted copy of the ex parte, in camera declaration.[1] In order to satisfy the need to file as much as

---

[1] The agency cannot disclose the length of the ex parte, in camera declaration because any government declaration available to the general public on the topic of FOIA exclusions must not provide information from which one can deduce whether or not an exclusion was relied upon. Thus, hypothetically, if this case produced a lengthy declaration and the next case involved a one-page declaration, a person examining the two declarations could surmise that more was at issue in the case involving the lengthy declaration (i.e., there was an exclusion employed that needed explication).

possible on the public record,[2] Defendant has divided the information that it intended to provide in a single ex parte, in camera declaration into two separate declarations, the public version of which accompanies this motion.  The ex parte, in camera declaration being proffered relates solely to the question of whether any exclusion was employed in the case and, if so, on what basis.

The Attorney General has directed that such a declaration is to be filed when a Plaintiff raises a claim regarding the use of an exclusion under 5 U.S.C. § 552(c).  See Amendments to the Freedom of Information Act, § G ("Attorney General Memorandum") (available at http://www.justice.gov/oip/86agmemo.htm#additional ("it shall be the government's standard litigation policy in the defense of FOIA lawsuits that wherever a FOIA plaintiff raises a distinct claim regarding the suspected use of an exclusion, the government routinely will submit an *in camera* declaration addressing that claim, one way or the other.")).  A similar approach has been recognized in appropriate situations.  See Benavides v. Drug Enforcement Admin., 968 F.2d 1243, 1246-47 (D.C. Cir. 1992) ("This provision [FOIA section (c)] provides criminal law enforcement authorities the ability to avoid

---

[2] See Strang v. U.S. Arms Control and Disarmament Agency, 920 F.2d 30, 31-32 (D.C. Cir. 1990); 28 C.F.R. § 50.9 (calling, generally, for open proceedings, but excluding from its coverage in camera or sealed submissions where permitted).

confirmation of the investigatory status of specific individuals or incidents in responding to FOIA requests. It is a narrow and specific statutory authority for criminal law enforcement agencies to act on the principle that 'an agency may refuse to confirm or deny the existence of records where to answer the FOIA inquiry would cause harm cognizable under a FOIA exemption.'" (quoting Gardels v. CIA, 689 F.2d 1100, 1103 (D.C. Cir. 1982), citing Phillippi v. CIA, 546 F.2d 1009, 1012 (D.C. Cir. 1976), the so-called Glomar case.))[3]

In this action, Plaintiffs have argued that "FBI must clarify with the Court whether or not it has excluded any records under 5 U.S.C. § 552(c)." Plaintiff's Opposition To Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment at 15.  Of course, the value of the exclusions would be rendered meaningless if an agency's response to such a challenge were required to be shared with the FOIA litigant. Thus, Defendant asks for leave to provide this information in camera and ex parte.  See Mobley v. CIA, Civil Action Nos. 11-2072, 11-2073(BAH), ___ F.Supp.2d ___, 2013 WL 452932 at *40-*41

---

[3] The Benavides decision was modified on rehearing, but continued to recognize the prior opinion's confirmation that legislative history exists which supports the use of a Glomar response in exclusion cases.  See Benavides v. Drug Enforcement Admin., 976 F.2d 751, 752 (D.C. Cir. 1992).

(D.D.C. Feb. 7, 2013) (noting that such *ex parte, in camera* submissions are pursuant to the FBI's standard policies).

As was done by the Court in Mobley, Defendant asks that the Court's public assessments in this regard not indicate one way or the other whether such an exclusion was, in fact, employed. See Attorney General Memorandum, § G (whether or not an exclusion is employed, "the government will of course urge the court to issue a public decision which does not indicate whether it is or is not an actual exclusion situation.  Such a public decision, not unlike an administrative appeal determination of an exclusion-related request for review, should specify only that a full review of the claim was undertaken and that, if an exclusion in fact was employed, it was, and continues to remain, amply justified.")

Wherefore, Defendant asks that the Court consider an in camera, ex parte declaration for the limited assessment of whether the Defendant has properly responded to Plaintiffs' argument in Section IV of Plaintiff's Opposition, and that the

Court issue a decision in conformity with this motion, the Attorney General Memorandum and the <u>Mobley</u> decision.

                Respectfully submitted,

                RONALD C. MACHEN JR., DC Bar #447889
                United States Attorney

                DANIEL F. VAN HORN, DC Bar #924092
                Chief, Civil Division

By:                               /s/
                W. MARK NEBEKER, DC Bar #396739
                Assistant United States Attorney
                555 Fourth Street, NW
                Washington, DC 20530
                (202) 514-7230

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant's Motion For Leave To Submit An <u>Ex Parte</u>, <u>In Camera</u> Declaration, And Memorandum In Support Thereof, the accompanying public declaration of David M. Hardy and a proposed order has been made through the Court's electronic transmission facilities on this 2nd day of May, 2013.

                                                    /s/
W. MARK NEBEKER
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530
(202) 514-7230