UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TRUTHOUT and JEFFREY LIGHT, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF JUSTICE, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 12-CV-01660 |

## THIRD DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), formerly at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C., and currently relocated to Winchester, Virginia. I have held this position since August 1, 2002. Prior to joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 271 employees who staff a total of ten (10) FBIHQ units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to Federal Bureau of Investigation ("FBI") records and information pursuant to the FOIA, amended by the OPEN Government ACT of 2007; Privacy Act; Executive Order

13526; Presidential, Attorney General and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3) Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the FBI's responses to the FOIA requests submitted by plaintiffs seeking records pertaining to the investigation and surveillance of "Occupy" movements.

(4) In 1986, Congress amended the FOIA and created a new mechanism for protecting certain especially sensitive law enforcement matters. Three special protection provisions (5 U.S.C. §§ 552(c)(1), (c)(2), and (c)(3)), referred to as record "exclusions," expressly authorize federal law enforcement agencies, for especially sensitive records under specified circumstances, to "treat the records as not subject to the requirements of [the FOIA]." Accordingly, if records responsive to a FOIA request are subject to one of the three statutory exclusions, the records in question will be treated, as far as the FOIA requester is concerned, as if they do not exist.

(5) Because the very purpose of the exclusions is to keep a requester from knowing, for example, whether an individual is an informant unless the informant's status as an informant has been officially confirmed, 5 U.S.C. § 552(c)(2), it is vital to the integrity of the application of

exclusions that requesters not be able to deduce whether an exclusion was or was not employed at all in any given case.

(6)　In December 1987, the Attorney General issued a memorandum (available at www.justice.gov/oip/86agmemo.htm#exclusions) (hereinafter "AG Memorandum") explaining the exclusion provisions and stressing that "in order to maintain the integrity of the exclusions, each agency that employs one must ensure that its FOIA responses are consistent throughout, so that no telling inferences can be drawn by requesters." In addition, the Attorney General stated that it would be the government's standard litigation policy in the defense of FOIA lawsuits that whenever a FOIA plaintiff raises a distinct claim regarding the suspected use of an exclusion, the government will routinely submit an *in camera, ex parte* declaration addressing that claim, regardless of whether the government relied on any exclusion provision. Where an exclusion was in fact employed, the correctness of that action will be justified to the court. Where an exclusion was not in fact employed, the *in camera, ex parte* declaration will simply state the fact.

(7)　In their response to the FBI's motion for summary judgment, plaintiffs state that the FBI must clarify with the Court whether it has applied an exclusion pursuant to 5 U.S.C. § 552(c)(2) in this case and states that the Court should "...insist that as much of that clarification is on the public record as possible, so as to allow Plaintiffs a chance to competently oppose it." See Plaintiffs' Opposition To Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment, page 15. Accordingly, I am submitting an *in camera, ex parte* declaration in response to plaintiffs' argument and consistent with the AG Memorandum.

(8)　Finally, in accordance with the AG Memorandum, the FBI respectfully requests that the Court, at the time the Court is ready to issue a public decision on the merits of this case, take steps to ensure that the decision does not indicate whether the FBI did or did not rely on any

one of the three exclusion provisions, but states only that a full review of plaintiffs' argument was undertaken and that "if an exclusion was in fact employed, it was, and continues to remain, amply justified." (AG Memorandum). Only a public statement that is ambiguous as to whether any of the three exclusions was employed will ensure the proper functioning of the use of exclusions in cases where sensitive law enforcement documents are at issue.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of May, 2013.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Winchester, VA