UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TRUTHOUT, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 1:12-cv-01660 (RMC) |
| | * | |
| DEPARTMENT OF JUSTICE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE
TO SUBMIT AN *EX PARTE, IN CAMERA* DECLARATION**

Defendant Department of Justice ("DOJ") as requested the extraordinary relief of being allowed to file an *unclassified* declaration *in camera* and *ex parte* without any redacted version being filed on the public record. While Plaintiffs acknowledge that some of the information which would be included in DOJ's declaration would be properly filed *in camera* and *ex parte*, the difference between that legitimate amount of information and the amount not being provided by DOJ is a chasm of epic proportions. A declaration may justify summary judgment "only if it is sufficient 'to afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the [agency's action].'" *Campbell v. DOJ*, 164 F.3d 20, 31 (D.C. Cir. 1998) (discussing declarations implicating national security concerns), quoting *King v. DOJ*, 830 F.2d 210, 218 (D.C. Cir. 1987). At best, DOJ can only meet half of the *Campbell* test—even assuming that its proposed *in camera* declaration affords the Court "an adequate foundation to review . . . the soundness of" any exclusions, the public declaration unequivocally fails to "afford the FOIA requester a meaningful opportunity to

contest [it]" due to its complete absence of information.  The D.C. Circuit's ruling on this is clear—a declaration must meet *both* of these requirements.

DOJ proposes that the mere length of any redactions will automatically disclose whether or not an exclusion was used, but its example does not withstand close scrutiny.  DOJ assumes that all declarations describing exclusions will be lengthy, while declarations attesting to the fact that exclusions were not used will be brief.  However, DOJ has offered no evidence to support this conclusion.  Plaintiffs can equally suggest that short declarations may indicate the use of exclusions which require little justification (because they fit perfectly within the statutory definition), while long declarations may indicate the reasons that the agency considered exclusions to be inappropriate.  Plaintiffs' scenario is just as likely as DOJ's, and it is inappropriate for the Court to order the extraordinary filing of an *ex parte*, *in camera* declaration with *no* redacted counterpart in the public record simply on an untested hypothesis put forward in a footnote in a DOJ lawyer's brief.

*In camera*, *ex parte* filing of *any* document is the exception, not the rule, and, respectfully, regardless of what an Attorney General's Memorandum may say about the matter, the Attorney General cannot authorize an agency to do something the law does not allow.  The Court should insist that the government file a redacted copy of its *in camera* declaration on the public record and closely review that redacted copy to ensure that only the bare minimum of information is withheld from Plaintiffs.  Freedom of Information Act jurisprudence is heavily weighted against plaintiffs anyway because of the degree of difference between the government's knowledge of the facts and the plaintiff's; the Court should not allow the government to *further* imbalance the situation because of groundless assumptions and thinly disguised "mosaic" theories.

Date:   May 20, 2013

                                                  Respectfully submitted,

 /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA  22204
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiffs*