UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRUTHOUT, *et al.*,

    Plaintiffs,

v.

DEPARTMENT OF JUSTICE,

    Defendant.

Civil Action No. 1:12-cv-01660 (RMC)

**PLAINTIFFS' *NUNC PRO TUNC* MOTION FOR BRIEF ENLARGEMENT OF TIME TO FILE THEIR OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO SUBMIT AN *EX PARTE*, *IN CAMERA* DECLARATION**

Plaintiffs hereby request a *nunc pro tunc* extension of one (1) minute to file their Opposition to Defendant's Motion for Leave to Submit an *Ex Parte*, *In Camera* Declaration, Dkt. #22. This brief was due on 20 May 2013 and was filed at 12:01 AM on 21 May 2013.

Plaintiffs' tardiness in filing this Motion was the product of excusable neglect. This brief was filed only one minute late, and Plaintiffs did not seek any prior extensions for it. Because of the negligible amount of time Plaintiffs were late, they would not have even bothered the Court with this Motion for Enlargement, except for the fact that Defendant argued in their Reply that the one-minute delay rendered Plaintiffs' Opposition untimely.

Moreover, while Plaintiffs admit that the Electronic Case Filing ("ECF") system docketed their Opposition at 12:01 AM, they posit that that was not the time that the filing began. It is physically impossible to file even the simplest document in the ECF system in one minute, which means that the filing had to have been started on 20 May 2013. An appropriate metaphor would be if the Plaintiffs' counsel had walked into the Clerk's Office to file the

document at 11:59 PM,[1] the Clerk had gone through the usual routine of accepting and stamping the document, and finally at 12:01 AM the Clerk had hit the final button "docketing" the item.  It would be unreasonable to consider the document untimely when the party was in the process of filing it when the day changed.[2]

     This position is not without precedent in this Circuit.  "[T]he electronic case filing system is . . . a substitute for the clerk of the court.  As the Seventh Circuit observed, noting Rule 5(e)'s requirement, now located in Rule 5(d)(4), that clerks accept documents tendered for filing, '[t]he software that operates an e-filing system acts for 'the clerk' as far as Rule 5 is concerned; a step forbidden by a person standing at a counter is equally forbidden to an automated agent that acts on the court's behalf.'"  *Royall v. Nat'l Ass'n of Letter Carriers*, 548 F.3d 137, 142-43 (D.C. Cir. 2008), quoting *Farzana K. v. Ind. Dep't of Educ.*, 473 F.3d 703, 707 (7th Cir. 2007).  By the same logic, if a clerk standing behind a counter would have known that the filing party got there in time and could have accordingly back-dated the filing, but an automated system cannot, that is a problem with the system, not with the filer.  "[T]he fact remains that the [filing] was tendered to the clerk's office on [time], and the computer's reaction does more to show the limits of some programmer's imagination than to render the [filing] untimely.  Had a paper copy of the [filing] been handed over the counter on [time], a deputy clerk would have [corrected the discrepancy]

---

[1] For the purposes of this metaphor we must consider the Clerk's Office to be a 24-hour establishment.

[2] Another looser analogy would be to the actual practice of the Clerk's Office with respect to filers who arrive close to the end of the business day.  If 4:00 PM arrives and there are still people in line, the Clerk's Office closes the doors and does not allow anyone new to enter, but it does not send away the people who were already there simply because they had not reached the counter yet.

and filed the document; there is no reason to throw this [filing] out of court just because the e-filing system did not know how to take an equivalent step." *Farzana K.*, 473 F.3d at 707.

Before ending this discussion, it is important to re-iterate that the government is asking the court to read briefs and issue a formal ruling regarding a *one-minute delay in the middle of the night*. While Plaintiffs accept responsibility for not completing the filing of their Opposition by midnight, this sort of argument is a waste of the Court's time. *De minimis non curat lex*. Accordingly, Plaintiffs now formally ask the Court to accept their Opposition as timely filed.

The undersigned emailed Defendant's counsel to ascertain its position on this extension thirteen (13) minutes after the filing of Defendant's Reply, and he has not received a response as of this writing (twenty-three (23) minutes after the email was sent). Accordingly, since it is important to get this Motion filed before the end of the business day, Plaintiffs are going ahead and filing it. If Defendant wishes to file an Opposition, it may. A Proposed Order accompanies this Motion.

Date:   May 22, 2013

                                                  Respectfully submitted,

                                                  /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA  22204
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiffs*