UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TRUTHOUT, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 1:12-cv-01660 (RMC) |
| | * | |
| DEPARTMENT OF JUSTICE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR PARTIAL RECONSIDERATION**

On 17 July 2013 the Court issued an opinion granting Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment (filed Feb. 1, 2013). Pursuant to Rules 59(e), 60(a), and 60(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully requested partial reconsideration of the Court's judgment with respect to the adequacy of the search performed by the Federal Bureau of Investigation ("FBI") on 15 August 2013.[1] On 9 September 2013 they supplemented the record with a recent opinion out of the Northern District of California—*ACLU of N. Cal. v. FBI*, No. 12-3728, 2013 U.S. Dist. LEXIS 93079 (N.D. Cal. July 1, 2013) ("the *ACLU* case")—which significantly overlaps with this case and provides new and relevant information supporting Plaintiffs' arguments.

In its Opposition, FBI oddly presents the Court multiple pieces of new evidence, which should have been presented in the earlier briefing, to support an argument that the Court was

---

[1] Because all of the Freedom of Information Act ("FOIA") requests at issue in this case involve FBI, FBI will be treated as "the Defendant" for ease of reference even though the Department of Justice is the proper party defendant.

correct to rule on the record previously before it and that, in effect, "there is nothing more to see here." In doing so, it makes Plaintiffs' case *for* them, and the Court should reopen briefing on both the adequacy of the search issue and the Exemption (b)(7)(E) issue and order the parties to brief the effect that the *ACLU* case and FBI's new disclosures have on this case.

## ARGUMENT

FBI makes four arguments against reconsideration. First, it argues that the sixteen-minute filing delay renders Plaintiffs' Motion untimely under Rule 59(e), requiring the Court to apply Rule 60(b). Second, FBI argues that the fact that it *did* in fact conduct a search of the Electronic Surveillance ("ELSUR") indices in response to one of the requests at issue—new information not previously provided to either Plaintiffs or the Court—compensates for the fact that the Court's previously ruling in FBI's favor regarding *all* requests was predicated on an incorrect assumption that all records in the ELSUR indices (as well as FBI's shared drives and email systems) would have actually been identified during the search of the Central Records System ("CRS"). Third, FBI argues that the Court should ignore the findings of fact made by Judge Illston in the *ACLU* case, despite the fact that FBI provided *more* information about its search for responsive records to her than it did to this Court,[2] and defer to its conclusory assertions that its search was adequate because it performed an adequate search. Lastly, when

---

[2] Why FBI provided more information about its search to Judge Illston than it did to this Court is an open question, since the Second Hardy Declaration—which contained the supplemental information—was filed in that case on 15 February 2013, and FBI filed its Reply and Supplemental Hardy Declaration in this case on 1 May 2013. Similarly, although technically beyond the scope of this Motion, it is noteworthy that the Hardy Declarations filed in the *ACLU* case included *far* more information about FBI's invocations of Exemption (b)(7)(E) than the declarations filed in this case, and for the exact same documents. The Court should be troubled by FBI's pattern of only giving it the minimum amount of information it deems necessary to prove its case while freely giving more to another judge.

confronted with a specific example of a document which it failed to locate in this case but did in another case, FBI asserts that its belated production of a heavily redacted copy of that document "end[s] further debate regarding its production" (4th Hardy Decl. ¶ 6), despite its complete failure to explain why the Court should not order it to search for records responsive to Plaintiffs' requests in the same "appropriate unit" in which the document was located.[3]  *See* Hardy Decl., Dkt. #9-1, ¶ 34 (filed July 16, 2013), *Shapiro v. DOJ*, No. 13-595 (D.D.C.).[4]

## I. THE MOTION'S *DE MINIMIS* UNTIMELINESS IS BENEATH THE COURT'S NOTICE

FBI's untimeliness argument lies at the intersection of two well-established doctrines. First, it is well-established in Rule 6(b)(2) that the Court cannot grant an extension of the 28-day time period for Rule 59(e) motions. Second, it is even more well-established—by case law older than the Republic—that some controversies are simply too insignificant for the Court to bother with. The doctrine "*De minimis non curat lex*" ("The law does not concern itself with trifles") applies in such situations.

Plaintiffs admit that this Motion was filed sixteen minutes after midnight. The reason for doing so was simple; the undersigned was unable to locate information about the Intelligence Watch Report produced in *Shapiro* until Mr. Light sent it to him near midnight. As soon as he received the information, he incorporated it into his brief and filed it. Because the Court is not allowed to grant a motion for extension for a Rule 59(e) motion, Plaintiffs did not file one. However, the fact that the Court is not allowed to grant a formal motion for extension does not mean that the Court cannot choose to simply "ignore" an inconsequential delay of mere minutes

---

[3] FBI also strangely misses the fact that, now that it has released a redacted record, the parties must brief the redactions and the Court must rule on them. The Court should reopen the case for this reason alone, if for none other.

under the *de minimis* doctrine. Accordingly, the Court should not bother itself with the question of whether or not a sixteen-minute delay in the middle of the night suffices to change the standard of review from Rule 59(e) to Rule 60(b). However, even if the Court does find that Rule 60(b) is appropriate, Plaintiffs maintain that they have met the test of that rule as well, so this is virtually a moot point.

## II.     FBI'S RESTYLING OF THE COURT'S RULING IS INCORRECT

The Court found that FBI was not required to do a search of any records systems besides the Central Records System ("CRS") "because records responsive to Plaintiffs' requests would normally be found in this comprehensive system . . . [and] a search of CRS includes records at both FBIHQ and field offices, would have identified main files and cross references, and would have identified files in ELSUR, FISUR, and in shared drives." *Truthout v. DOJ*, No. 12-1660, 2013 U.S. Dist. LEXIS 10046, at *17-18 (D.D.C. July 17, 2013) (internal citations omitted). Despite the fact that FBI's declarant openly (and wrongly) stated to the Court, "RIDS's search of the CRS would have in fact identified any such files [located in other systems, such as ELSUR and shared drives], if they were to exist in other records systems such as ELSUR" (Suppl. Hardy Decl., Dkt. #20-1, ¶ 9 (filed May 1, 2013)), FBI now attempts to walk back this statement, which Plaintiffs have shown to be factually incorrect through FBI's own declarations in other cases, to mean that "CRS can be expected to contain references that would lead one reasonably to believe that ELSUR files (or files from a shared file) exist." (Def.'s Mem. P. & A. Opp'n Pls.' Mot. Partial Reconsideration, Dkt. #33, at 5 (filed Sept. 12, 2013).) In other words, instead of telling the Court that a CRS search *would identify any records located in ELSUR or shared drives*, FBI now states that it only meant that CRS would *probably* have records which *mentioned* that

---

[4] This fourth argument will not be discussed further, as there is little more to say about it.

ELSUR or the shared drives *were likely* to have records.  That statement is clearly a more nuanced assertion than the one previously made, and worth a closer look by the Court.

Moreover, FBI now states that it *did* perform a search of the ELSUR indices in response to *one* of the requests at issue, which raises the question, why did it not perform a search in response to the others?  Beyond the mere fact that FBI has introduced additional information about its search—including a clarification about the meaning of its previous testimony—the fact that it *did* perform such a search for one request is worth further inquiry as to the reasons it did not do so for the others.

### III. THE COURT SHOULD TAKE JUDGE ILLSTON'S FINDINGS UNDER CONSIDERATION

When presented with more information about FBI's search for the same records than this Court has received, Judge Illston still found FBI's declarations to be impermissibly conclusory on the question of FBI's decision to not search additional databases and ordered further briefing.  Even if this Court does not do the same, it would be wise to at least consider the information produced in response to Judge Illston's orders, so that the Court can make its final ruling in light of all of the facts.  FBI is correct that the *ACLU* case is not controlling, but it cannot deny that *all* of the records in that case are part of this case as well.  It would be a manifest injustice to allow FBI to prevail on an argument in one case and lose the very same argument in another case, simply because they were in different courts.  Such a result runs in the face of comity.

### CONCLUSION

For the foregoing reasons, the Court should amend or alter its judgment with respect to the adequacy of FBI's search. Furthermore, it should reopen briefing on the issue of Exemption

(b)(7)(E) as well, in light of the new information available in the *ACLU* case and FBI's supplemental declaration in this case.

Date:   September 23, 2013

                                        Respectfully submitted,

                                        /s/ Kelly B. McClanahan
                                        Kelly B. McClanahan, Esq.
                                        D.C. Bar #984704
                                        National Security Counselors
                                        1200 South Courthouse Road
                                        Suite 124
                                        Arlington, VA  22204
                                        301-728-5908
                                        240-681-2189 fax
                                        Kel@NationalSecurityLaw.org

                                        *Counsel for Plaintiffs*