UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                      |   |                              |
|--------------------------------------|---|------------------------------|
| TRUTHOUT and JEFFREY LIGHT,          | ) |                              |
| Plaintiffs,                          | ) |                              |
| v.                                   | ) | Civil Action No. 12-1660 (RMC) |
| DEPARTMENT OF JUSTICE,               | ) |                              |
| Defendant.                           | ) |                              |

**OPINION ON RECONSIDERATION**

Plaintiffs Truthout and Jeffrey Light sued the Department of Justice with regard to its component, the Federal Bureau of Investigation's response to requests for records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Plaintiffs seek to compel the release of records concerning the protest movement and encampment known as "Occupy Wall Street" and other Occupy encampments across the country. The Court granted the Department of Justice's motion for summary judgment, finding that the FBI conducted good faith, reasonable searches of the systems of records likely to possess records responsive to Plaintiffs' requests. Plaintiffs now move for reconsideration, reiterating their request that the Court require the FBI to search its Electronic Surveillance system of records and shared drives. As explained below, the motion will be denied because the FBI already has conducted an adequate search for records.

**I. FACTS**

In response to Plaintiffs' multiple FOIA requests, the FBI searched the Central Records System (CRS), the FBI's electronic repository for information compiled for law enforcement purposes as well as administrative, applicant, criminal, personnel, and other files.

1

Mot. to Dismiss or for Sum. J. (MSJ) [Dkt. 9], Ex. A (Hardy Decl.) [Dkt. 9-1] ¶ 59.[1] CRS is accessed via an Automated Case Support System (ACS) and General Indices by searching for the subject. Hardy Decl. ¶¶ 59-61. ACS consists of Investigative Case Management, Electronic Case File (ECF), and a Universal Index. *Id*. ¶ 63.

The FBI searched the CRS using the following terms: Occupy Movement/Northern California, Occupy Oakland, Occupy San Francisco, Occupy Cal, Occupy UC Davis, OWS, Occupy Wall, Occupy Movement, Occupy Encampment(s), Occupy McPherson, Occupy Zuccotti Park, Occupy New York City, Occupy DC, Occupy Portland, Occupy Sacramento, Occupy Salt Lake City, Occupy Seattle, Occupy Atlanta, Occupy San Jose, Occupy Boston, Occupy Los Angeles, Occupy Indianapolis, Occupy Baltimore, Occupy St. Louis, Occupy Cincinnati, Occupy Providence, Occupy Austin, Occupy Denver, Occupy Eugene, Occupy Philadelphia, Occupy Buffalo, Occupy Las Vegas, Occupy Charlotte, Occupy Pittsburgh, Occupy Dallas, Occupy Houston, Occupy Chicago, Occupy Washington, Occupy Washington DC, and Occupy K. The FBI did not find any documents as a result of these searches. Because the Occupy Movement has been widely publicized, the FBI also conducted text searches of ECF. *Id*. ¶¶ 65-66. Since decisions regarding how to index names within a document can vary, the text search of ECF was more comprehensive than the search of CRS. *Id*. ¶ 66 n.5. Responsive records were located and released to Plaintiffs on January 10, 2013. *See* Op. [Dkt. 28] at 2-4.[2]

---

[1] In support of its motion for summary judgment and in opposition to Plaintiffs' motion for reconsideration, the FBI filed sworn Declarations by David Hardy, Section Chief of the Record/Information Dissemination Section, Records Management Division of the FBI.

[2] Certain redacted materials were provided to Plaintiffs and other materials were withheld in full. *See* Hardy Decl. ¶¶ 68-72. The FBI released all material in the public domain and all reasonably segregable material. *Id*. With respect to the records withheld in full, the Court found that any

In opposition to summary judgment, Plaintiffs protested that the FBI only searched CRS and that it did not search its Electronic Surveillance (ELSUR) file system or shared drives. The Court rejected this argument, finding that the FBI searched CRS because that is the place where records responsive to Plaintiffs' requests were most likely to be kept. *Id*. at 11 (citing Reply [Dkt. 20], Ex. 1 (Supp. Hardy Decl.) [Dkt. 20-1] ¶¶ 5-6, 10). In their motion for reconsideration, Plaintiffs again complain that the FBI did not search ELSUR and shared drives.

## II. LEGAL STANDARDS

### A. FOIA Generally

"The defendant in a FOIA case must show that its search for responsive records was adequate, that any exemptions claimed actually apply, and that any reasonably segregable nonexempt information has been disclosed after deletion of exempt information." *Sanders v. Obama*, 729 F. Supp. 2d 148, 154 (D.D.C. 2010). The adequacy of a search is measured by a standard of reasonableness and depends on the individual circumstances of each case. *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990). The question is not whether other responsive records may exist, but whether the search itself was adequate. *Steinberg v. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994). To rebut a challenge to the adequacy of a search, the agency need only show that "the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (citing *Meeropol v. Meese*, 790 F.2d 942, 950-51 (D.C. Cir. 1986)). There is no requirement that an agency search every record system, but the agency must conduct a good faith, reasonable search of those systems of records likely to possess the requested records. *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). An agency's

---

nonexempt portions were so intertwined with exempt portions that no portion could be disclosed. *See* Op. at 22.

search must be evaluated in light of the request made and is "not obliged to look beyond the four corners of the request for leads to the location of responsive documents." *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 389 (D.C. Cir. 1996).

An agency may prove the reasonableness of its search through a declaration by responsible agency officials, so long as the declaration is reasonably detailed and not controverted by contrary evidence or evidence of bad faith. *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). An agency affidavit can demonstrate reasonableness by "setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (quoting *Oglesby*, 920 F.2d at 68). An agency's declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard*, 926 F.2d at 1200 (internal citation and quotation omitted).

### B. Motion For Reconsideration Under Rule 59

Plaintiffs seek reconsideration under Federal Rule of Civil Procedure 59(e). This Rule specifies that a motion must be filed no later than twenty-eight days after the entry of the judgment. Fed. R. Civ. P. 59(e). The Court does not have authority to extend the deadline. *See* Fed. R. Civ. P. 6(b)(2) (a court "must not extend the time to act" under Rule 59(e)).

### C. Motion for Reconsideration Under Rule 60

As an alternative to relief under Rule 59(e), Plaintiffs seek relief under Federal Rule of Civil Procedure 60(b)(1) and (6). A court can, in its discretion, grant relief from a final judgment under Rule 60(b)(1) due to "mistake, inadvertence, surprise, or excusable neglect," and, under Rule 60(b)(6), due to "any other reason justifying relief from the operation of the judgment." Subsection (6), the catch-all provision, gives courts discretion to vacate or modify

judgments when it is "appropriate to accomplish justice," *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949), but it should be applied only in "extraordinary circumstances," *Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. 2007) (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). The party seeking relief from judgment bears the burden of proof. *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383-84 (1992).

### III. ANALYSIS

Plaintiffs' motion for reconsideration under Rule 59(e) must be denied as untimely. The Court entered judgment on July 17, 2013, *see* Order [Dkt. 29], and thus any Rule 59(e) motion was due within twenty-eight days, i.e. by August 14, 2013. Plaintiffs did not file their motion for reconsideration until the following day, August 15, 2013, at sixteen minutes past midnight. Although Plaintiffs contend that the Court should just "ignore" the Rule 59 deadline since their motion's untimeliness was "de minimus," *see* Reply [Dkt. 34] at 3, the deadline is a hard and fast rule and the Court has no authority to extend it. *See* Fed. R. Civ. P. 6(b).[3]

Plaintiffs' motion under Rule 60 also must be denied. Plaintiffs allege that the Court mistakenly asserted that ELSUR files and shared drives could be found in CRS, when they are actually in separate systems, and that the failure of the FBI to search ELSUR and shared drives constitutes manifest injustice. Plaintiffs' allegation of mistake is based on a misunderstanding of the FBI's position and the Court's Opinion. Further, Plaintiffs have not shown extraordinary circumstances that would justify relief from the final judgment.

The FBI's standard practice is to search ELSUR only when a FOIA requester specifically makes such a request or when factual information in CRS indicates that a responsive

---

[3] Even if Plaintiffs had been timely, their motion for reconsideration does not meet the standard. *See Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (Rule 59(e) motion need not be granted unless there is an intervening change of controlling law, new evidence is available, or there is a need to correct a clear error or prevent manifest injustice).

5

ELSUR record exists. Opp'n to Mot. Recons. [Dkt. 33], Ex. 1 (4th Hardy Decl.) [Dkt. 33-1] ¶ 11. The Plaintiffs asked the FBI to search ELSUR specifically in only one of their requests at issue here, Request No. 1177831-000.[4] In response to that particular Request, the FBI conducted an ELSUR search by using the same forty-three search terms used during the search of CRS, *id.* ¶ 12 n.3, but did not locate any responsive records, *id.* ¶ 12.

Further, as the Court explained in its summary judgment Opinion, the FBI searched CRS because that is the place where records responsive to Plaintiffs' requests were most likely to be kept. *See* Op. at 11 (citing Supp. Hardy Decl. ¶¶ 5-6, 10). Mr. Hardy noted that CRS is the FBI's repository for information compiled for law enforcement purposes as well as administrative, applicant, criminal, personnel, and other files and that "[g]iven its comprehensive nature, the CRS is the principal search mechanism employed [by the FBI] . . . to locate records responsive to FOIA requests." Supp. Hardy Decl. ¶ 5. Further, Mr. Hardy explained that the search of CRS would have identified both potentially responsive main files as well as cross references, *id.* ¶¶ 6, 8, and these main files and cross references would have identified relevant ELSUR files and shared drives if they existed, *id.* ¶ 9. Contrary to Plaintiffs' assertion, neither Mr. Hardy not the Court indicated that the ELSUR records or shared drives were contained within CRS. The FBI did not locate files or cross references during its search of CRS that would lead it to conclude that there are ELSUR records or files on shared drives responsive to Plaintiffs' requests or that there are responsive records in *any* system outside of CRS. *Id.* ¶¶ 8-9; 4th Hardy Decl. ¶¶ 11, 13.

---

[4] Plaintiffs made the following requests for records: Request Nos. 1176349-000, 1176937-000 (reopened as 1176937-001), 1177831-000, 1178216-000, and 1191931-000. Plaintiffs also made Request No. 1182695-000 but waived all claims regarding it. *See* Opp'n [Dkt. 13] at 7 n.6.

The FBI was not required to search every record system; it was only required to conduct a reasonable search of those systems of records *likely* to possess the requested information. *Oglesby*, 920 F.2d at 68; *see Sennett v. DOJ*, Civ. No. 12-495 (JEB), 2013 WL 4517177, at *4 (D.D.C. Aug. 27, 2013) (holding that the FBI's decision not to search ELSUR was reasonable when it was unlikely that responsive records would be located there); *Mobley v. CIA*, 924 F. Supp. 2d 24, 44-45 (D.D.C. 2013) (finding the agency's failure to search shared drives did not render the search inadequate because there was no indication that such a search would reveal responsive records); *cf. ACLU v. FBI*, Civ. No. 12-03728 SI, 2013 WL 3346845, at *3 (N.D. Cal. July 1, 2013) (finding that additional briefing was needed regarding adequacy of search where FBI did not sufficiently explain why it did not search shared drives). The FBI searched a comprehensive record system likely to contain responsive records, i.e. CRS. Mr. Hardy's Declarations are presumed to be in good faith, and they are not rebutted by Plaintiffs' speculative claims that other responsive records exist. *SafeCard*, 926 F.2d at 1200. The FBI sufficiently explained why it did not search ELSUR and shared drives in response to all of Plaintiffs' FOIA Requests.

Plaintiffs further allege that the FBI's search for records must have been inadequate because the FBI located one record in another case, *Shapiro v. FBI*, Civ. No. 13-595 (RMC), that would be responsive to the requests in this case regarding the Occupy encampments. *Shapiro* involves FOIA requests for records related to "Occupy Houston" and other Occupy encampments. In *Shapiro*, the FBI located a document entitled "FBI Intelligence Watch Report," indicating that a person or group (the reference is redacted) planned to engage in sniper attacks against protestors in Houston. *See Shapiro v. FBI*, Civ. No. 13-595 (RMC), Hardy Decl. [Dkt. 9-2], Ex. P (FBI Intelligence Watch Report). The Intelligence Watch Report produced in

*Shapiro*, however, does not contain *any* of the search terms used in this case. Mr. Hardy explained:

> While it is true that the report may have been responsive to a number of [P]laintiffs' requests, the report was not indexed in such a way so that the FBI would have been able to locate it through its searches of the CRS. . . . [T]he decision to index names other than subjects, suspects, and victims is a discretionary decision made by the FBI Special Agent ("SA") assigned to work the investigation, the Supervisory SA ("SSA") in the field office conducting the investigation, the SSA at FBI [Headquarters], and other FBI support personnel involved with the investigation. The FBI does not index every name in its files; rather, it indexes only that information it considers to be pertinent, relevant, or essential for future retrieval. In this case, the report identified by plaintiffs was not indexed in such a way so that the FBI would have been able to retrieve it using any of the 43 search terms it used here . . . .

4th Hardy Decl. ¶ 6 (internal citations omitted). Mr. Hardy further notes that the report released in *Shapiro* was not located via a CRS search; instead it was specifically requested by the plaintiff, Mr. Shapiro, and the FBI conducted a targeted search, which included following leads from other documents produced in that litigation. *Id*. The FBI has now released the same report to Plaintiffs here.

Accordingly, Plaintiffs have not met their burden of proving that reconsideration is warranted. They have not demonstrated "mistake" or "extraordinary circumstances" that would justify relief from the final judgment under Rule 60(b)(1) or (6).

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion for reconsideration [Dkt. 30] will be denied. A memorializing Order accompanies this Memorandum Opinion.


Date: October 16, 2013

/s/
ROSEMARY M. COLLYER
United States District Judge